**Marty Waldo FARRINGTON, Plaintiff In Error,**

**v.**

**The STATE of Oklahoma, Defendant In Error.**

**No. A–15010.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1969.

Thomas G. Hanlon, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Marty Waldo Farrington, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pontotoc County with the crime of Burglary in the Second Degree, After Former Conviction of a Felony, and from the judgment and sentence fixing his punishment at ten years imprisonment in the state penitentiary, he appeals.

Since the single assignment of error determinative of this appeal relates to the validity of the search of the defendant's pickup truck and the seizure of certain incriminating evidence and the admissibility of the same during the defendant's trial, it will only be necessary to set forth briefly those facts upon which the arrest was predicated and surrounding circumstances under which the search and seizure now complained of was consummated.

Officer Olson, Chief of Police of Wagoner, Oklahoma, testified that on the morning of November 11, 1967, he received a radioed message from the Sheriff's office advising him that a person had attempted to sell a number of spark plugs to J. H. Bradfield, a garage owner in Wagoner, Oklahoma, for twenty-five cents each (a figure below their wholesale cost). This officer then received a description of the pickup truck and the tag number of the truck operated by the person who had sought to sell the spark plugs. Officer Olson testified that some time prior to receiving this radioed call, he had been advised of burglaries in Tahlequah and Muskogee in which large quantities of spark plugs had been stolen. Armed with this information, he stopped the pickup truck driven by the defendant, asked for the defendant's identification, made a cursory visual search of the truck for weapons, with the defendant's consent, but abandoned a further search of the vehicle when the defendant insisted that he be shown a copy of the search warrant. At the direction of Officer Olson, the defendant drove his pickup truck to the court house where Officer Olson turned the defendant over to the Sheriff's department. The Sheriff was not present when the defendant was brought to the court house, but he arrived shortly thereafter upon being advised that the defendant was in custody. Officer Olson advised the Sheriff that they needed to procure a search warrant to search the pickup truck; however, this advice and request was ignored and they proceeded to search the defendant's pickup truck without first obtaining a search warrant.

We deem it unnecessary to determine whether or not Officer Olson's arrest of the defendant was a valid one since it is abundantly clear from the foregoing state-

ment of facts that the search conducted by the Sheriff of the defendant's pickup truck was not incident to a lawful arrest, but rather occurred some thirty minutes after the defendant had been placed under arrest by Officer Olson and he had abandoned the search of the defendant's vehicle incident to said arrest.

This case is clearly distinguishable from the case of Gaston v. State, Okl.Cr., 457 P.2d 807, where officers, arresting a defendant, interrupted their search because of the traffic conditions and a gathering crowd attracted to the scene by the defendant's long hair and bushy beard, made it impracticable to search at the scene and they removed the car to a more convenient place where the search was resumed.

We are of the opinion, and therefore hold, that where, as in the instant case, a search is made of a defendant's vehicle and evidence is seized not incident to a lawful arrest or under authority of a valid search warrant, such evidence is inadmissible and a Motion to Suppress the same should be sustained by the trial court.

This case is reversed and remanded for further proceedings not inconsistent with this opinion.

BRETT, P. J., and NIX, J., concur.